IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NANCY K. SHOOK, | ) | 1:11cv0824 DLB |
| | ) | |
| | ) | |
| | ) | ORDER DISMISSING ACTION |
| Plaintiff, | ) | WITHOUT PREJUDICE |
| | ) | |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

On May 20, 2011, Plaintiff, proceeding pro se and in forma pauperis, filed the present action for judicial review of the denial of Social Security benefits. On May 25, 2011, the Court issued summons along with instructions for completing and returning service documents to allow service by the United State Marshal.

On October 3, 2011, after Plaintiff failed to return the service documents, the Court issued an Order to Show Cause why the action should not be dismissed for failure to properly serve the Complaint. Plaintiff was ordered to file a response, or return the service documents, within thirty (30) days of the date of service of the order.

Over thirty (30) days have passed an Plaintiff has not filed a response or otherwise contacted the Court.

1

**DISCUSSION**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since May 20, 2011, and Plaintiff has failed to serve the Complaint.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy

favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's October 3, 2011, Order to Show Cause expressly stated that if she did not comply, the Court would recommend that the action be dismissed. Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order.

Accordingly, this action is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute the action.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   November 30, 2011               /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE

3